
**FILED**
**OCTOBER 21, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAMES CARL WEBB | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-253 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO
## DISMISS PETITION FOR WRIT OF HABEAS CORPUS

On October 8, 2009, petitioner filed with this Court a petition for a Writ of Habeas Corpus challenging a December 17, 2008 disciplinary proceeding which resulted in the loss of 148 days of previously earned good time credits. The disciplinary proceeding took place at the Dalhart Unit in Dallam County, Texas. As of the date the petition was filed, petitioner was incarcerated at the Clements Unit in Amarillo, Texas. Petitioner appears to be incarcerated pursuant to a June 29, 2007 conviction for the offense of burglary of a habitation out of Tarrant County, Texas, and the resultant fifteen-year sentence. For the reasons hereinafter expressed, the Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DISMISSED.

I.
PETITIONER'S ALLEGATIONS

Petitioner appears to contend:

1. The Texas Department of Criminal Justice (TDCJ) violated state laws and the Texas Government Code.

2. There was no evidence to support the finding of guilt in the disciplinary case.

3. TDCJ violated Administrative Directive 4.80 by removing work time credits as a result of the disciplinary hearing, which, petitioner contends, is prohibited by the administrative directive.

Petitioner requests this Court award monetary damages, as well as costs and attorney fees.

II.
ELIGIBILITY FOR RELEASE ON MANDATORY SUPERVISION

In order to challenge a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must be eligible for release on mandatory supervision and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Petitioner indicates he is confined pursuant to a burglary conviction, but that he is eligible for mandatory supervised release. The TDCJ Offender Information website, however, indicates petitioner is currently incarcerated on a conviction for burglary of a habitation, which is mandatory supervised release ineligible. *See* Tex. Gov't Code Ann. § 508.149(a)(13) (Vernon Supp. 2007). The TDCJ website additionally shows petitioner's maximum sentence date is the same as his projected release date, further indicating petitioner is in fact not eligible for mandatory supervised release. Because it appears petitioner has been previously convicted of an offense listed in section 508.149 of the Texas Government Code, petitioner is not eligible for release on mandatory supervision. He cannot challenge the result of a prison disciplinary adjudication by way of a federal habeas corpus petition. *See Malchi*, 211 F.3d at 958.

## IV.
## EXHAUSTION

No relief may be granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an exception to exhaustion exists. However, an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(2). This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).

In his habeas corpus petition, petitioner indicates that he filed a Step 1 Grievance on September 14, 2009, shortly before he filed the instant petition. He further fails to indicate that the TDCJ has reviewed the Step 1 Grievance and that he has filed, and TDCJ has reviewed and denied, a Step 2 Grievance. It thus appears petitioner has failed to exhaust the remedies available to him through the grievance process. As such, his claims are not reviewable by this Court, even if he were eligible for release on mandatory supervision. *See* 280 U.S.C. § 2254(c).

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JAMES CARL WEBB be DISMISSED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 21st day of October, 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).